## MIZELL v. ELMORE & HAMILTON CONTRACTING CO.

### In re UNITED SURETY CO.

(Circuit Court of Appeals, Second Circuit. May 14, 1914.)

#### No. 255.

PRINCIPAL AND SURETY (§ 57*)—SURETY COMPANY BOND—LIABILITY OF PRINCIPAL FOR PREMIUMS.

Where a contractor with the state for doing certain work procured a surety company to execute a bond required by the state for the faithful performance of the work, for which it agreed to pay an annual premium until the surety should be discharged from liability, the contractor was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not released from liability for the premiums by the fact that during a portion of the time the contract was in litigation, and was finally adjudged invalid; no steps having been taken in the meantime for the discharge of the bond.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 101; Dec. Dig. § 57.*]

Appeal from the District Court of the United States for the Southern District of New York.

On appeal from an order of the District Court for the Southern District of New York confirming a report of the special master allowing the claim of the United Surety Company against the receivers of the Elmore & Hamilton Contracting Company for $1,876.32 for premiums which the contracting company agreed to pay the surety company in consideration of its agreement to guarantee the bond which the construction company gave to the state of New York.

Francis L. Kohlman, of New York City, for appellants.
Milton M. Blumenthal, of New York City, for respondent.

Before COXE and ROGERS, Circuit Judges, and MAYER, District Judge.

COXE, Circuit Judge. This seems to us to be a very plain case. The Elmore & Hamilton Contracting Company made a contract with the state of New York to build a section of road in Orange county. The state required a bond for the faithful performance of the work and the contracting company applied to the surety company to furnish it. The bond was given and the contracting company entered upon the work. Soon afterwards an injunction issued in a taxpayer's suit to restrain the completion of the work. After four years of litigation the judgment that the contract was invalid was affirmed by the Court of Appeals of New York. The receivers of the contracting company now seek to avoid the payment of the premiums on the ground that the contract was null and void ab initio.

The answer is manifest. The surety company was not required to examine into the legality of the contract. Good or bad, it was the contract which the Elmore & Hamilton Company wished guaranteed, and for this service that company was willing to pay, and agreed to pay, $469.08 per annum in advance, "and continue the same until said United Surety Company shall, in the manner provided by law, be discharged or released from any and all liability and responsibility upon and from said bond." If at any time the surety company was discharged from liability upon the bond, proper legal evidence was to be served on the surety company, and until this was done the liability to pay annual premiums continued. The surety company fulfilled its obligation to the letter, it guaranteed the bond for four years and the contracting company agreed to pay the premiums for four years.

The fact that the question of the validity of the agreement was in litigation during this period has no relevancy to any question here involved. The contracting company received the consideration for

which it agreed to pay. The fact that it might have terminated its agreement to pay premiums, if it had seen fit to do so in the legal way, is of no moment, in view of the fact that it did not terminate the agreement, but insisted upon keeping it in force until the court of last resort had held the contract with the state invalid.

The order is affirmed.